Appellant, Wallace Merritt Manning, was indicted by the Mobile County grand jury for assault in the first degree of Lori Allen Siegelman under § 13A-6-20 (a)(3), Code of Alabama 1975. The jury convicted appellant of the lesser included offense of assault in the second degree. As a habitual offender, the appellant was sentenced to a term of life in the penitentiary.
The evidence tended to show that on February 25, 1984, Don Siegelman was driving his automobile southbound on Dauphin Island Parkway in Mobile County approaching the Dog River Bridge. His wife, Lori Allen Siegelman was riding in the front passenger seat of the vehicle. Mr. Siegelman observed appellant's automobile coming over the bridge northbound in the southbound lane. The automobile then with a "jerky motion" returned to the proper lane and proceeded northbound.
When the appellant's automobile was approximately 30 yards ahead of Siegelman's automobile, Mr. Siegelman saw appellant swerve out of the northbound lane into the southbound lane as if to pass the car in front of him. Appellant then ran partially off the road on the southbound side while still proceeding northbound. Mr. Siegelman attempted to drive through the gap between the two oncoming cars. The appellant then collided with the right front portion of Siegelman's automobile.
As a result of the collision, Mrs. Siegelman received extensive lacerations of the forehead and scalp that extended across the middle of the head over to the right side. There were also extensive lacerations into and below the left eye, which caused her to lose her left eye. Her upper and lower jaw, were fractured and she had skull fractures. She lost some seventeen teeth and the bone which holds the teeth in the front and lower part of her mouth. She also had multiple lacerations involving her fingers and hands.
A blood alcohol test conducted on a sample of the appellant's blood taken soon after the collision revealed a blood alcohol level of .29, greatly exceeding the statutory level of intoxication of .10.
Mr. Manning, the appellant, now appeals from his conviction for second degree assault. He contends that the trial court erred when it denied his motion for a directed verdict of acquittal. He contends that the state, as an essential element of its case, had to prove that he specifically intended to assault Mrs. Siegelman. He argues that because of his intoxication he was incapable of forming the requisite intent.
The trial court charged the jury on assault in the second degree, § 13A-6-21 (a)(3), Code of Alabama 1975, as a lesser *Page 1267 
included offense of assault in the first degree, § 13A-6-20
(a)(3), Code of Alabama 1975, on which the appellant was indicted. The jury decided to convict him of this lesser offense. Section 13A-6-21 (a)(3) provides:
 "(a) A person commits the crime of assault in the second degree if:
. . . .
 (3) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
A reading of this subpart reveals no provision requiring proof that the perpetrator intended to commit the assault, as is required by subparts (1) and (2) of § 13A-6-21 (a). For conviction under § 13A-6-21 (a)(3) the state must establish three elements: (1) the perpetrator acted recklessly, (2) in so doing he caused serious physical injury, and (3) he caused such injury by means of a dangerous instrument.
As to element (1), the Code, § 13A-2-2 (3), provides:
 "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates a risk but is unaware thereof solely by reason of voluntary intoxication, as defined in subdivision (e)(2) of section 13A-3-2, acts recklessly with respect thereto."
The state put on considerable evidence to justify the jury's finding that the appellant acted recklessly. It should be noted that voluntary intoxication is no defense to a charge that the perpetrator acted recklessly.
As to element (2), § 13A-1-2 (9) defines "serious physical injury" as:
 "Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
The state put forward considerable evidence detailing Mrs. Siegelman's injuries and the jury was more than justified in finding that she had suffered serious physical injury.
As to element (3), § 13A-1-2-(12) provides that a dangerous instrument is:
 "Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury, and such term includes a `vehicle,' as that term is defined in subdivision (13) of this section."
This section establishes that an automobile can, under some circumstances, be considered a dangerous instrument. Under the evidence advanced by the state, the jury was justified in finding that the appellant's automobile was a dangerous instrument in the hands of the appellant on this occasion.
The state therefore succeeded in sustaining the burden of proof on each point required to be proven in support of a guilty verdict. When evidence, if believed, is sufficient to sustain a conviction, denial of a motion for acquittal is not error. McConnell v. State, 429 So.2d 662 (Ala.Cr.App. 1983);Gullatt v. State, 409 So.2d 466 (Ala.Cr.App. 1981); Stewart v.State, 405 So.2d 402 (Ala.Cr.App. 1981).
The trial court properly charged the jury on second degree assault as a lesser included offense of first degree assault. The jury's decision as to appellant's guilt or innocence should stand.
AFFIRMED.
All the Judges concur. *Page 1268