Edward Arthur Metzger, Jr., was indicted and convicted for rape in the second degree in violation of Ala. Code, 1975, §13A-6-62(a)(2). He was sentenced as a habitual offender to 15 years' imprisonment, to serve a split sentence of three years in the penitentiary and five years on probation.
His sole contention on appeal is that the trial court erred in denying his motion for judgment of acquittal[1] on the ground that the State failed to prove that the victim was mentally defective.
Because a motion for judgment of acquittal tests the sufficiency of the evidence to support a conviction, where the evidence, if believed, is sufficient to sustain a conviction, the trial court's denial of a motion for judgment of acquittal is not error. Manning v. State, 471 So.2d 1265, 1267
(Ala.Cr.App. 1985).
"In determining the sufficiency of the evidence to sustain the conviction, this *Page 292 
Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State, 471 So.2d 485, 489
(Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Where, moreover, the State establishes a prima facie case, conflicting evidence presents a jury question which is not subject to review on appeal. See Willis v. State, 447 So.2d 199, 201
(Ala.Cr.App. 1983).
To establish a prima facie case of rape in the second degree under § 13A-6-62(a)(2), the State must establish that a male "engage[d] in sexual intercourse with a female who [was] incapable of consent by reason of being mentally defective."
Section 13A-6-60(5) defines "mentally defective" to mean "that a person suffers from a mental disease or defect which renders him incapable of appraising the nature of his conduct."
In support of his contention that the State failed to prove that the victim was "mentally defective," Metzger cites the cases of Stephenson v. State, 35 Ala. App. 379, 48 So.2d 255,cert. denied, 254 Ala. 313, 48 So.2d 259 (1950), and Smith v.State, 345 So.2d 325 (Ala.Cr.App. 1976), writ quashed,345 So.2d 329 (Ala. 1977). In these cases convictions for common-law rape were reversed based upon the State's failure to prove the victims' lack of mental capacity to consent.
These cases are easily distinguishable from the case at bar.Stephenson and Smith were decided prior to the enactment of §13A-6-62(a)(2) and utilized standards for ascertaining mental capacity which were modeled on decisions from other jurisdictions. Most importantly, in Stephenson and Smith the State failed to produce any expert testimony on the mental capabilities of the victims.
In the case at bar, however, there was sufficient lay and expert evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that the victim was mentally defective and that Metzger was guilty of the crime as charged.
The victim was certified by the trial court as competent to testify. The evidence of record reveals testimony of the victim to the effect that: 1) she was 29 years old and had lived with her mother all of her life; 2) she had attended a school for the mentally retarded for seven years, where she learned to print her name and count to ten; 3) she cannot spell, is not employed, and receives a Social Security disability check each month; 4) on two occasions in October 1987, Metzger, who was the victim's brother-in-law, took off her clothes and forced her to have sexual intercourse with him; 5) Metzger told her not to tell anyone about what he did to her on these two occasions or he would get in trouble; 6) no one had had sexual relations with her before or after these two occasions; 7) on July 10, 1988, she had a baby, and Metzger was her baby's father; and 8) she did not know at the time she became pregnant that what Metzger did to her would cause her to become pregnant.
The victim's mother testified that the victim was not allowed to attend regular school, that she cannot operate a washing machine, and that she cannot be left at home unattended and cannot care for her baby unattended.
Dr. Julianne Venable, a clinical psychologist, testified as an expert witness with respect to the victim's intellectual function. Dr. Venable testified that in May 1988 she performed three standard intelligence tests on the victim, and that it was her expert opinion that, based upon the victim's scores on the three tests, the victim's mental capacity is in the mildly retarded range and that the victim has a mental capacity of an average eight-year-old child. Dr. Venable further testified that the victim has difficulty assessing the nature and consequences of her behavior.
It is clear from this expert and lay testimony that the State presented sufficient evidence from which the jury could find that the victim suffered from a mental disease or defect which rendered her incapable *Page 293 
of appraising the nature of her conduct.
Because the State presented a prima facie case of second degree rape, the trial judge properly submitted the case to the jury.
A careful review of the record reveals no error. The judgment and conviction are hereby affirmed.
The foregoing opinion was prepared by the JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a Judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.
[1] Technically, counsel for Metzger moved for a "directed verdict" at the close of the State's case. Because, however, Rule 12 of the Temporary Rules of Criminal Procedure abolished the motion for directed verdict in criminal cases and substituted for it the motion for judgment of acquittal, we shall treat Metzger's motion for directed verdict as a motion for judgment of acquittal.