McMILLAN, Judge.
The appellant was convicted of the offense of leaving the scene of an accident, in violation of § 32-10-1, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment and was ordered to pay restitution of $379.68, as well as $50 pursuant to the Alabama Crime Victims Compensation Act.
I
The appellant argues that the trial court committed reversible error in failing to suppress the victim’s identification of the defendant at the police station and all other identification evidence, which the appellant submits was the fruit of this tainted identification. The record indicates that, during the direct examination of the victim, the following transpired:
“Q. Okay. And the vehicle that was behind you that struck you, did you have an *1353 opportunity to see the driver of that vehicle?
“A. Yes.
“Q. That night?
“A. Yes.
“Q. Over what period of time, please, ma’am?
“A. Well, we were there for some time. Probably close to an hour.
“Q. Okay. And what were the lighting and weather conditions like, please, ma’am?
“A. Well, it was night but there were streetlights and then when we — after the accident, I think we were told to move our ears to K & B [drugstore] and ... it was lit.
“Q. Okay. Did you get a good look at the individual who was driving the vehicle?
“A. Yes.
“Q. Okay. Now, subsequent to that particular night, after that particular night, when — when is the next time that you had an occasion to see the individual [who was] driving that vehicle that struck you?
“A. On, I was called by Mr. Hearn to come to [the] police department in December. He asked if I could identify him then and he showed me some pictures that they took at that time.
“Q. Did you see some photographs?
“A. Mm. Hm.
“Q. A photo spread?
“A. Two pictures.
“Q. Okay. Were you able to identify anybody?
“A. Yeah. I saw the two pictures of him. Mm. Hm.
“Q. Of the defendant?
“A. Mm. Hm.
“Q. Were they both pictures of the defendant?
“A. Yeah.
[[Image here]]
“Q. All right. Was there any doubt in your mind that the photographs you were shown were him?
“A. No, not at all.
“Q. Okay. Subsequent to that, did you have an occasion to see defendant?
“A. [The case] went to district court.
“Q. Downstairs, first floor of this building?
“A. Mm. Huh.
“Q. Okay.
“A. I saw him then.
“Q. In the courtroom?
“A. Mm. Hm.
“Q. All right. Is there any doubt in your mind that on all three occasions you were looking at the same individual?
“A. No doubt at all.
“Q. Okay. Do you remember him from the time that you saw [a picture of] him at the police station with Corporal Hearn or do you remember this individual? Are you identifying from your remembrance of the individual at the accident?
“A. From the accident.
“Q. Okay. And you say that took — you were there about an hour and observed him for about an hour?
“A. Mm. Hm. Mm. Hm.”
Thus, the victim clearly testified that she was identifying the appellant at trial from her independent recollection of him from the accident and not from the photographs she was shown. Any problem of suggestiveness in the photographic array at the police department, therefore, did not prejudice the appellant. ‘When an in-court identification of the accused is shown to have a basis independent of any pre-trial identification, then it is correctly received into evidence. Coleman v. State, [487 So.2d 1380 (Ala.Crim.App.1986) ]; Jackson v. State, 414 So.2d 1014 (Ala.Crim.App.1982); Matthews v. State [401 So.2d 241 (Ala.Crim.App.1981), cert. denied, 401 So.2d 248 (Ala.1981) ].” Ex parte Stout, 547 So.2d 901, 904 (Ala.1989). See also Clements v. State, 521 So.2d 1378 (Ala.Cr.App.1988). Therefore, the identification testimony by the victim was properly admitted at trial because it had a basis independent of any pretrial photographic identification.
Moreover, another witness to the accident testified that he could positively identify the appellant at trial as the person who *1354 had been involved in the accident. Therefore, any error in the admission of the testimony concerning the photographic array at the police department was harmless, because it was cumulative. Rule 45, A.R.App.P.
II
The appellant argues that the trial court erred in failing to sustain his objection to the victim’s testimony concerning information contained on an accident card, because, he argues, this testimony violated the best evidence rule. The victim’s testimony concerned the false name, address, and telephone number provided by the appellant on his accident card. However, the record indicates that Corporal Hearn, of the Mobile Police Department, subsequently testified to the same facts without objection. Therefore, any error in allowing the victim’s testimony was harmless. See Smoot v. State, 520 So.2d 182, 187 (Ala.Cr.App.1987) (wherein the introduction of hospital records, although hearsay, was rendered harmless because they were cumulative of a doctor’s testimony). “Testimony which may be apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior lawful testimony to the same effect or from which the same facts can be inferred.” Thompson v. State, 527 So.2d 777, 780 (Ala.Cr.App.1988).
Ill
The appellant argues that the trial court committed reversible error in denying his motion for acquittal at the conclusion of the State’s case. Ee argues that the State faded to prove that the information that was contained on the accident card exchanged with the victim at the time of the accident was not correct when he gave it to the victim. According to § 32-10-1, Code of Alabama 1975, the driver of a vehicle that is involved in an accident resulting in injury or death to any person or in damage to a vehicle, “shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 32-10-3.” Section 32-10-3, Code of Alabama 1975, requires, in pertinent part, that the driver locate and notify the driver or owner of the vehicle struck of the name and address of the driver and owner of the vehicle that struck the other vehicle.
In the present case, the appellant gave the victim a card, which identified him as Paul James Watson and which contained a street address and a telephone number. There was evidence that the victim attempted to contact the appellant by calling this telephone number; however, she never got an answer. An investigator for the City of Mobile attempted to contact the appellant on the victim’s behalf and was unable to find any information on a “Paul James Watson.” He then checked the street address on the accident card, and found that there was no residence at this address. The investigator also was unable to get an answer at the telephone number shown on the card. He also testified that he attempted to “follow other leads” to find Paul James Watson, but was unable to find him. The appellant was finally located by the investigator when the investigator happened to find a vehicle with a license plate that matched the license number on the accident report. The appellant was in the vehicle and he denied having been involved in the accident and gave the investigator a name other than Paul James Watson. Upon questioning, the appellant gave the investigator several different names and Social Security numbers and informed the investigator that he did so because he was involved in different businesses.
Clearly, this evidence, if believed by the jury, would sustain a conviction of leaving the scene of an accident. Manning v. State, 471 So.2d 1265 (Ala.Cr.App.1985). Therefore, the denial of the motion for judgment of acquittal was not error.
IV
The appellant argues that the trial court erred in refusing to give his oral requested charge, which stated as follows: “If an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow or had flowed from the accident or collision, then, its [sic] the duty of the *1355 operator to stop this vehicle.” This charge was requested by the appellant pursuant to Touchstone v. State, 42 Ala.App. 141, 155 So.2d 349 (1963), wherein the appellant failed to stop after hitting two young boys on the side of the road. The appellant in that case was charged with manslaughter and with leaving the scene of the accident. The court held that, because the facts were insufficient to establish that the accused knew that his truck had struck the deceased, the judgment was reversed. In the present case, there was no question that the appellant knew that his vehicle had struck the victim’s. In the present case, the appellant stopped and he gave the victim an incorrect name, address, and telephone number. Where a charge does not properly apply to the facts of the case, the charge may be refused. Ex parte Wilhite, 485 So.2d 787 (Ala.1986).
V
The appellant argues that the court erred in determining that the appellant’s conviction in Durham County, North Carolina, was a felony conviction, for use in enhancement of the appellant’s sentence. The appellant argues that the trial court improperly took judicial notice of the laws “of a sister state,” where there was no evidence that the offense was a felony under North Carolina law. The appellant never alleged at trial that the law of a sister state must be proved as evidence. Therefore, this matter is not preserved for review. Thornton v. State, 527 So.2d 143 (Ala.Cr.App.1987), cert. denied, 527 So.2d 146 (Ala.1988); Moss v. State, 545 So.2d 230 (Ala.Cr.App.1989). Moreover, the State had the burden of proving that the North Carolina conviction was a felony under Alabama law, not under North Carolina law. See Rule 26.6(b)(3)(iv), A.R.Crim.P. The two convictions in North Carolina were for the failure to return hired property and for false pretense.
In Alabama, false pretense is a crime that is covered by the statutes dealing with theft of property. See Commentary to §§ 13A-8-2 through 13A-8-5. The failure to return hired property would also fall within the definition of theft of property. See § 13A-8-2, Code of Alabama 1975. Whether a theft of property constitutes a felony in Alabama depends upon the value of the property taken. If the property exceeds $100 in value, taking of that property would constitute a felony.
In the present ease, the trial court continued the appellant’s sentencing hearing, in order for the State to produce certified copies of the North Carolina convictions. The record indicates that the appellant was sentenced upon conviction for both offenses on the same date to two years in the North Carolina Department of Corrections. However, the sentence was suspended for three years, so long as the appellant met “the usual terms and conditions of probation,” as well as the “special condition” “that he pay Northern Bank, Durheim, N.C. the sum of $275.00 plus accrued interest and pay to Metrolease Furniture Rental Co. the amount of $250.00 and the costs of court, said amounts are to be paid under the direction of his probation officer.” The case action summary designates these amounts as restitution. Because the amounts to be reimbursed resulting from the appellant’s conviction for false pretense and failure to return hired property exceeded $100 for each offense, both offenses would have been a felony in Alabama. Therefore, the North Carolina conviction was properly considered for enhancement purposes.
AFFIRMED.
All the Judges concur.