CRAWLEY, Judge.
Mickey Leon Segó and Martha Lynne Sego Clark were divorced in 1987. The divorce judgment provided that the mother would have custody of the two minor children and that the father would pay $150 monthly child support. In February 1994, following the father’s petition to modify, the trial court awarded custody of the minor son to the father, maintained custody of the daughter with the mother, and ordered no child support for either party. In October 1994, the mother filed a petition to modify, requesting custody of the minor son and child support. Following ore tenus proceedings, the trial court awarded custody of the son to the mother and ordered the father to pay child support. The father filed a post-judgment motion, which the trial court denied.
The father argues that the trial court erred in granting the mother’s petition to modify custody.
In child custody cases, the trial court’s judgment is presumed correct, and its judgment will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala.1992). The parent who petitions for a modification of a custody judgment has the burden of proving a material change in circumstances since the last judgment, that a change of custody will materially promote the child’s best interests, and that the benefits of changing custody outweigh the disruption of uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The record reveals that the son was 13 years old at the time of trial. Before the son went to live with the father, the mother had experienced difficulties in disciplining him and he had been doing poorly in school. The son lived with the father for approximately five months, and then he returned to five with the mother. The mother and the daughter testified that the father told them to come to his house and pack up the son’s belongings and take him back to the mother’s house. The father denies ever telling them this. The mother further testified that the father stated that he would put the son in a “home” if the mother did not take the son to five with her.
The mother testified that although she hoped that the son’s grades would improve while he was staying with the father, the son had failed two subjects by the end of the school year. The mother further testified that the son’s behavior had improved since he came to live with her. The trial court questioned the son in camera, and the son testified that after he started living with his mother again his grades improved. The son also stated that he preferred to live with his mother. Although not controlling, a child’s preference regarding custody is a factor for the trial court to consider. Sellers v. Sellers, 555 So.2d 1117 (Ala.Civ.App.1989).
We find no abuse of discretion in the trial court’s decision to modify the custody provisions so as to award custody of the son to the mother. The son’s desires, as well as the improvement in his grades and his behavior when in the mother’s care, support the trial court’s finding that a change in custody will materially benefit the son’s best interests.
The mother’s request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.