RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody modification case.
The parties were divorced in August 1992. Under the terms of the divorce judgment, the parties were awarded joint custody of their two minor daughters, with the primary physical custody being vested in the father. The children were 11 years old and 16 years old at the time.
On March 14, 1996, the father filed a motion for a modification of custody, seeking primary custody of the younger daughter. Specifically, the father alleged the following: The older daughter has reached the age of majority and has married; on March 4,1996, the mother took the younger daughter from school without the father’s knowledge and consent, and since that time the younger daughter has resided with the mother, in violation of the trial court’s previous custody order; and it would be in the younger daughter’s best interests to be in his custody.
On April 26, 1996, the mother filed a motion for a modification of custody, seeking primary custody of the younger daughter. Specifically, the mother alleged the following: The father has mentally abused the daughter; the mother has a justifiable reason for believing that the father did, or may, sexually abuse the daughter; and the daughter desires to reside with the mother.
On July 11, 1996, following an ore tenus hearing based mainly on the testimony of the mother, the father, the younger daughter, and the older daughter, the trial court entered an order, which stated the following in pertinent part:
“The material issue before the court in deciding which party shall have custody of the parties’ minor [daughter] is whether or not the father ... sexually abused ... the older daughter during the period of time she resided with the father. The court took into consideration the natural interest or bias that [the older daughter] may have as a result of any connection with this case. The court observed her demeanor and whether or not she testified frankly or evasively. The court finds no other reason for her testimony other than her interest in protecting her sister from any sexual abuse that may be committed by the father. The court is of the opinion that [the older daughter] is a credible witness, and therefore accepts her testimony. The court finds that [the older daughter] was sexually abused by the father while residing with him. The court, therefore, finds that it would not be in the best interests of [the younger daughter] to be in the custody of the father.”
Based on the above findings, the trial court awarded custody of the younger daughter to the mother and granted the father liberal, but supervised, visitation rights.
The father appeals, contending that the trial court abused its discretion in awarding the mother custody of the younger daughter and in ordering supervised visitation.
Initially, we would note that the standard of review to be applied in child custody cases is well settled. When the evidence has been presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and that judgment will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Alexander v. Alexander, 625 So.2d 433 (Ala.Civ.App.1993).
Furthermore, we note that this court, in Sego v. Clark, 669 So.2d 980, 981 (Ala.Civ. App.1995), stated the following well-settled law regarding the modification of a prior custody judgment:
“The parent who petitions for a modification of a custody judgment has the burden of proving a material change in circumstances since the last judgment, that a change of custody will materially promote the child’s best interests, and that the benefits of changing custody outweigh the disruption of uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).”
Our review of the record reveals the following pertinent facts: The younger daughter, who was 15 years old at the time of trial, testified at trial and stated the following: that the father was very strict; that he had “psychologically and mentally” abused her; that he yelled at her routinely; that he threw objects at her routinely; that she did *13 not feel comfortable around him; that she was scared of him; that he consistently tried to undermine her relationship with her mother and her sister; that she “loved” living with her mother; and that she desired to remain with her mother.
The older daughter, who was 21 years old at the time of trial, testified that the father started fondling her when she was 6 years old and that he started having intercourse with her when she was 15 or 16 years old. She further testified that the sexual abuse did not end until she moved out of his house and got married. She has since filed a criminal complaint against the father for the alleged sexual abuse.
The mother testified that the father was a very abusive person and that he physically assaulted her on numerous occasions during their marriage. The mother expressed her concerns about the possibility of the father abusing the younger daughter. The mother described the love that she had for her daughter and demonstrated her willingness to raise her in a loving and calm environment. The mother stated that the child is very happy in her new environment and that she has maintained an “A” average in school. In fact, the record reveals that the child is intellectually gifted and is very mature for her age.
In essence, the trial court based its decision to modify custody on the sole finding that the father sexually abused the older daughter while she was in his custody. The evidence was obviously conflicting since the father vehemently denied the sexual allegations. In situations where the evidence is conflicting, this court must be most cognizant of the underlying significance of the ore ten-us presumption, which is the trial court’s ability to hear and to observe the witnesses as they testify and to determine their credibility. H.J.B. v. P.W., 628 So.2d 753 (Ala.Civ.App.1993). In the instant case the trial court heard the testimony of the older daughter and, while totally aware of her potential bias, expressly found that she was a credible witness and accepted her testimony as true.
Moreover, we emphasize the fact that the best interests of the younger daughter are paramount in this case. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). Based on the finding of sexual abuse, coupled with other factors (i.e., the child’s age, her maturity and intellectual level, her express fear of her father, and her preference' to live with her mother), we find that the trial court did not abuse its discretion in finding that “it would not be in the best interests of [the younger daughter] to be in the custody of the father.”
The father also contends that the trial court erred in ordering supervised visitation. In its order the trial court granted the father liberal visitation rights, to occur at the home of the child’s paternal grandmother. It is well settled that “[e]ach visitation case must be decided on its own peculiar facts.” Anonymous v. Anonymous, 620 So.2d 43, 45 (Ala.Civ.App.1993). Here, in light of the seriousness of the finding of sexual abuse, as well as the younger daughter’s express fear of being with her father, we conclude that the trial court did not abuse its discretion in ordering supervised visitation.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES whole serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.