On Application for Rehearing

COBB, Judge.
The opinion of September 26,1997, is withdrawn and the following substituted therefor.
We originally released an opinion in this case on September 26, 1997; the judgment line was “reversed and remanded.” This decision was based on our holding that the trial court had found Campbell guilty based on “reasonable cause” — a burden of proof below the required standard of guilt “beyond a reasonable doubt.” Because we reversed on that issue, we did not reach the issue of the sufficiency of the evidence in that opinion. We provided the trial court with no instructions on remand other than to conduct further proceedings consistent with our opinion. Upon further review of the record and the issues, we now find that the issue of the sufficiency of the evidence is the dispositive issue on appeal for the reasons set forth below. Consequently, we grant Campbell’s application for rehearing.
After a trial in the District Court of Madison County, at which ore tenus evidence was presented, Marty Campbell was adjudged guilty of assault in the third degree. Campbell appeals directly from district court’s order challenging the sufficiency of the evidence on several grounds.
The complaint charging the offense of third-degree assault alleged that Campbell “did, on or about January 21, 1997, commit the crime of assault 3rd by: with the intent to cause physical injury to Melissa Campbell, did cause physical injury by: striking her with his fist, in violation of § 13A-6-22 of the Code of Alabama.” C.R. 3.
Officer Kevin Lester of the Madison County Sheriffs Department was the only witness who testified in this trial. He testified that on January 21,1997, he and his partner went to the house of Melissa and Marty Campbell, husband and wife, in response to a dispatch reporting what appeared to be a domestic dispute. He stated that when he arrived he found Mrs. Campbell seated on the sofa and Mr. Campbell asleep in the bedroom. He testified that there was no one else in the house when he arrived. Lester noticed bruises on the right side of Mrs. Campbell’s face and on her right wrist. He determined at that time to arrest Mr. Campbell pursuant to § 15-10-3(a)(8), Ala.Code 1975, which authorizes an arrest without a warrant for an offense involving domestic violence where probable cause exists. No testimony was elicited as to what the officer considered to have constituted probable cause. Lester woke Mr. Campbell and took his statement. The statement was inadmissible at trial because Mr. Campbell had not been advised of his Miranda rights before he gave the statement. This is essentially all the evidence presented against Campbell.
The defense moved for a directed verdict,[1] alleging that there had been no *1355 evidence presented that Campbell had committed a crime, or that Mrs. Campbell had sustained a physical injury involving substantial impairment or substantial pain. The motion was overruled, and the district court judge stated, “I find reasonable cause to find [Campbell] guilty.” R. 15. Campbell raises three issues on appeal, all of which essentially challenge the sufficiency of the evidence.
Ala.Code 1975, § 13A-6-22, provides:
“(a) A person commits the crime of assault in the third degree if:
“(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
“(2) He recklessly causes physical injury to another person; or
“(3) With criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
“(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.”
Specifically, Campbell argues that no evidence was presented that he committed the crime, that no evidence was presented showing that the victim had sustained a physical injury or substantial impairment, and that the trial judge’s finding “reasonable cause” of guilt was improper and a lower standard of proof than the correct standard of guilt beyond a reasonable doubt.
“When the evidence has been presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and that judgment will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong.” W.K.D. v. B.L.D., 694 So.2d 11 (Ala.Civ.App.1997). We have reviewed approximately 11 pages of testimony presented by Lester and have determined that the ruling of the trial court was unsupported by the evidence.
The only evidence presented against Campbell is that he was asleep in his bed when police arrived. The victim did not testify. No explanation was offered for the bruises Lester saw.
“A conviction based solely on circumstantial evidence can be sustained only if the [factfinder] could have reasonably found that the State’s evidence excluded every reasonable hypothesis except that of the defendant’s guilt.’ ...
[[Image here]]
“... A conviction based solely on circumstantial evidence must be reversed if the evidence presented by the State can be reconciled with a theory that someone other than the defendant committed the crime.”...
Gibbs v. State, 695 So.2d 649, 654-55 (Ala.Cr.App.1996), cert. denied, 695 So.2d 656 (Ala.1997). There was no evidence of Campbell’s intent to cause physical injury or that Campbell indeed caused any physical injury to Mrs. Campbell. The circumstantial evidence presented by the State could be reconciled with other theories, e.g. that someone other than Campbell committed the assault or even that the injuries were the result of an accident. Consequently, the State failed to present sufficient evidence to support Campbell’s conviction.
For this reason, the conviction against Campbell is due to be reversed and a judgment rendered in his favor.
OPINION OF SEPTEMBER 26, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND JUDGMENT RENDERED.
LONG, P.J., and McMILLAN and BROWN, JJ., concur.
BASCHAB, J., concurs specially with opinion.

. Technically, a motion for a judgment of acquittal — not a motion for a directed verdict — is the proper motion to test the sufficiency of the evidence. Rule 20, Ala.R.Crim.P., "abolished the motion for directed verdict in criminal cases and substituted for it the motion for judgment of acquittal.” Rule 20, Ala.R.Crim.P., Committee Comments. However, we have treated motions *1355 styled as motions for a directed verdict as motions for a judgment of acquittal. Metzger v. State, 565 So.2d 291 (Ala.Cr.App.1990).