**UNITED STATES v. SMYTH et al.**

**UNITED STATES v. DOYLE et al.**

Nos. 33092–33095.

United States District Court
N. D. California, S. D.

Feb. 11, 1952.

See also 104 F.Supp. 283.

280

Chauncey Tramutolo, U. S. Atty., Robert B. McMillan, Asst. U. S. Atty., and Macklin Fleming, Asst. U. S. Atty., all of San Francisco, Cal., Irvin Goldstein, Special Asst. to the U. S. Atty. Gen., for plaintiff.

Harold C. Faulkner (of Melvin, Faulkner, Sheehan & Wiseman), of San Francisco, and Joseph L. Alioto, of San Francisco, Cal., for defendants.

JAMES ALGER FEE, Chief Judge of the District of Oregon, sitting by special assignment.

Indictments have been returned as true bills in each of these cases. Arguments were heard as to the methods of procedure in the disposition of motions for disclosure of the minutes of the grand jury which returned the indictments, motions for bill of particulars and motions to dismiss. The latter have phases corresponding to the demurrer, the motion to quash and the pleas in abatement of the former criminal procedure.

■■■ Various affidavits were filed and some briefs submitted alleging certain matters which purported to show improper conduct by the office of the United States Attorney and members of the grand jury. These the court struck from the files and impounded because the allegations thereof constituted evidence to support the motions and violated the principle of secrecy of grand jury proceedings.

The court is devoted to the preservation of the grand jury as an institution. As such, the grand inquest has preserved the balance between efficiency of prosecution and protection of the rights of those accused under varying conditions in various countries for almost eight hundred years. It preserves for the people of a community, through representatives, a participation in national affairs. As an institution, the grand jury is a living, breathing part of the judicial structure in virtue of the Federal Constitution. The court should not violate inherent principles of the institution by engaging at the behest of defendants in an inquisition into the motives and conduct of its own officers and grand jurors unless jurisdiction has been thereby removed. After all, the key question is the innocence or guilt of each defendant of the charges. Any other issue is collateral and a deflection of the main course of the proceeding.

Secrecy is the safeguard of centuries placed about that body [1] and is in accord with modern conditions.[2] If the proceedings are conducted without this protection, they are futile, and this extra hearing by a grand jury is simply a waste of time.[3] The power of the representatives of the people to examine the action of officials of the government[4] without the kleiglight of publicity is thereby lost. A very illuminating opinion by Judge Healy restates the history and purposes of the rule. Goodman v. United States, 9 Cir., 108 F. 2d 516, 127 A.L.R. 265.[5]

1. John Lord Sommers, Security of Englishmen's Lives, London (1682), pp. 42, 46, 53, 58; John Kinghorn, The Growth of the Grand Jury System, Law Magazine and Review, Vol. 6, 4th Series (1881), pp. 367, 378–383.

2. United States v. Amazon Industrial Chemical Corporation, D.C., 55 F.2d 254, 261; United States v. Central Supply Association, D.C., 34 F.Supp. 241, 246; Edwards, the Grand Jury (1906), p. 42.

3. Moley, Politics and Criminal Prosecution, p. 137; Report on Prosecution of the National Commission on Law Observance and Enforcement (1931), p. 34.

4. "The proceedings before a grand jury constitute the only general criminal investigation known to the law." Ward Baking Co. v. Western Union Telegraph Co., N.Y., 205 App.Div. 723, 728, 200 N.Y.S. 865, 869. "Today the grand jury is useful only as a general investigating body for inquiring into the conduct of public affairs and in cases of large conspiracies." Report on Prosecution of the National Commission on Law Observance and Enforcement (1931), p. 37. McClintock, Indictment by a Grand Jury, 26 Minn.L.Rev. 153, 156–7; Dission, From Indictment to Information—Implications of the Shift (1932), 42 Yale L.J. 163, 175–6.

5. This opinion is said to be outmoded (as to swearing a witness to secrecy) by a sentence in the Criminal Rules of Procedure. But the secrecy of grand jury proceedings is of substance and not of procedure. The power of the trial court to enforce secrecy is jurisdictional and a

This court, on the same ground, refused to hear testimony proffered which would have opened up the facts regarding the actions of the office of the United States Attorney and the grand jury.

The Criminal Rules of Procedure, 18 U.S.C.A., indicate that a court may examine the proceedings of a grand jury[6] notwithstanding the strong policy of secrecy, and, in case the public interest so requires, may set aside an indictment.[7] This is a restatement of the common law practice. To deny this power in certain circumstances would prevent any control of an agency and the process of the court and thus render these utterly irresponsible. But there are unyielding and traditional restraints upon this power of the courts,[8] and it is never exercised except when compelled by an overwhelming public interest.[9]

The discretion[10] of the trial court in allowing such a motion is fully recognized both at common law and under the Rules.[11]

The court has discretion, therefore, to permit such action upon several grounds, which are set out in the decisions and classified in the comments to the Rules.

The defendant has a right to raise matters apparent on the face of the indictment, such as failure to state a crime and duplicity.[12] A defendant may also move for more particulars or a more definite statement.[13] This has been done here, but these will not be considered until disposition has been made of the grounds of abatement or quashing.

■ Grounds for a motion to dismiss, replacing the former motion to quash or plea in abatement, are of three types: (1) the presence of an unauthorized person in the grand jury room;[14] (2) total absence of any legal evidence before a grand jury;[15] (3) matters arising in the drawing, subpoenaing, impaneling or constitution of the grand jury, including discrimination in selection of jurors or disqualification.[16]

The first question then is as to the means of trying the propositions of fact and law.

The separate motions to dismiss, which replace motions to quash and pleas in abatement,[17] here contain a series of specifications which, it is contended, furnish grounds for dismissing the indictment.

necessity if grand juries are to function. The Federal Constitution encysted the common law grand jury with all its incidents. The Rules could not change the Constitution nor prevent the court from imposing secrecy upon everyone in connection with such a proceeding in the public interest. See also United States v. Central Supply Association, D.C., 34 F. Supp. 241.

6. Rules 6(e), 12, Federal Rules of Criminal Procedure.

7. The courts state the abstract rule, but the cases where an indictment has actually been set aside are rare. See United States v. American Medical Association, D.C., 26 F.Supp. 429, 430.

8. United States v. American Medical Association, D.C., 26 F.Supp. 429, 431.

9. In re Grand Jury Proceedings, D.C., 4 F.Supp. 283, 285; United States v. Crolich, D.C., 101 F.Supp. 782. An exceptionally able judge has said: "It is a power, I think, which should be exercised with caution lest the function of the nisi prius judge by a legal osmosis absorbs the traditional duties of the Grand Jury

and decides on individual guilt or innocence * * *." Judge Leahy, of the District Court of Delaware, in United States v. Papaioanu, 10 F.R.D. 517, 519.

10. The determination of this matter necessarily rests largely upon the discretion of the court whose grand jury is concerned. In re Grand Jury Proceedings, D.C., 4 F.Supp. 283, 284.

11. Rules 6(e), 12, Federal Rules of Criminal Procedure.

12. Rule 12(b), Federal Rules of Criminal Procedure.

13. Rule 7(f), Federal Rules of Criminal Procedure.

14. Latham v. United States, 5 Cir., 226 F. 420, L.R.A.1916D, 1118.

15. United States v. Perlman, D.C., 247 F. 158; United States v. Oley, D.C., 21 F. Supp. 281.

16. Notes of Advisory Committee on Rules; Rule 12, Federal Rules of Criminal Procedure.

17. Rule 12(a), Federal Rules of Criminal Procedure.

If the allegations of fact were at this time controverted, it would be possible to try the questions raised either upon affidavits or at open hearings where witnesses are examined.

Counsel for defense urge that the court is required to try the issues of fact by hearing witnesses. Originally, a jury trial was demanded upon this issue, apparently upon the theory that one was required by the language of Rule 12, Federal Rules of Criminal Procedure. A jury trial was waived by all the defendants in open court. But, since the point was raised, the court holds that during a long course of history no court has ever granted a jury trial upon such an issue and such a trial is obviously not required by the Federal Constitution.

It is urged that in certain cases a trial to the court upon oral testimony has been held where jurisdictional questions have been raised.[18] This is true where the fact, if it existed, would deprive the court of the power to hear the case.[19] It has been so applied only in such instances. The cases cited otherwise are based upon racial[20] or economic[21] prejudice in constituting the grand jury. It is vigorously contended that the claims of the drawing of either a grand or a petit jury from an improper basis raises a question of fact which must be tried.[22] But the charges here do not fall within that category. There is here no charge of improper drawing, impaneling or constitution of the grand jury. There was no charge of racial or economic discrimination. There was no charge of disqualification of an individual juror or the panel.

The defense summoned several former grand jurors as witnesses, but disclaims any knowledge of the testimony which they might give. The court has held these subpoenas were an abuse of process. The former grand jurors should not be put under compulsion of a subpoena.[23] They could not testify without explicit order of court.[24] No hearing had been set, and no order had been given for their testimony. The subpoenas were therefore quashed.

The defense indicates the difficulty of their position, as the air has been alive with rumor and suspicion, but they cannot speak as to the facts unless the court allows them to read the transcript of grand jury proceedings and examine the former grand jurors. This is often the case where

18. The cases called to the court's attention by counsel for the defendants, Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; United States v. Ferris, D.C., 19 F.2d 925; United States v. Lewis, No. 22367L*; United States v. Lilly, No. 24325L*; United States v. Floyd, No. 16647*, dealing with violations of the National Prohibition Act, 27 U.S. C.A. § 1 et seq., involve the question of jurisdiction of the persons of defendants and cast no light on the problem at hand.

19. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793.

20. Carter v. Texas, 177 U.S. 442, 20 S.Ct. 687, 44 L.Ed. 839.

21. Mamaux v. United States, 6 Cir., 264 F. 816.

22. Carter v. Texas, Mamaux v. United States, supra.

23. The English Rule is that a grand juror cannot impeach an indictment returned by the body. The rule is sternly enforced in this country. Atwell v. United States, 4 Cir., 162 F. 97, 17 L.R.A.,N.S., 1049, 110 A.L.R. 1025. Reiterating the general rule in a recent decision, the Supreme Court of Pennsylvania also held that allegations that indictments were influenced by coercive and improper conduct of the Deputy Attorneys General who attended the grand jury, based on information received by defendant in an interview with an unnamed grand juror, are insufficient to raise the mandate of secrecy and justify an investigation of the conduct of prosecuting officers before the grand jury. Commonwealth v. Smart, 368 Pa. 630, 84 A.2d 782.

24. Each has taken an oath to that effect, and the Criminal Rules of Procedure, restating the common law, require an order of the court in which he was impaneled to release him. Rule 6(e), Federal Rules of Criminal Procedure.

* No opinion for publication.

the veil of secrecy has been effective. But the fact that it has been somewhat less effective in this case is no reason for the court to tear the covering completely away by examining grand jurors and opening the record in court.

Suffice it to say, examination of the transcript will not be allowed under any circumstances.[25] As one of the greatest trial judges has said, "It is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will." [26]

As the matter stands at present, there is no issue of fact. The Assistant United States Attorney indicates that the government challenges the sufficiency of the allegations as a matter of law. There are, as the court understands it, three or four distinct propositions:

(a) The authority of an Assistant United States Attorney in connection with a grand jury.

(b) The powers of a grand jury alone or in connection with an Assistant United States Attorney.

(c) The presence of unauthorized persons in the grand jury room.

(d) Entire absence of evidence to support the indictment.

The court will hear argument upon these matters as questions of law. If the court find disposition of these matters cannot be made by general legal argument, a trial of controverted facts may be had if justice imperatively require. In the event the court find any specification of the motion, too general to raise the point, the court may, in its discretion, permit amendment thereof. Meanwhile, the court will construe any reference in argument to the facts in the present case as a violation of the secrecy of the grand jury.

---

25. If the votes of the grand jurors could be so revealed, there would be few who could afford to accept the public responsibility of service.

26. Judge Learned Hand, in United States v. Garsson, D.C., 291 F. 646, 649.