TYSON, Judge.
Dwight Suttles was charged by indictment with three counts of burglary in the first degree, in violation of § 13A-7-5, Code of Alabama 1975. The State apparently elected to proceed only on Count III of the indictment, as to which the jury found the appellant “guilty as charged in the indictment.” The trial judge thereafter sentenced the appellant to 21 years’ imprisonment in the penitentiary and ordered him to pay $100.00 to the Alabama Crime Victims Compensation Fund.
The appellant in his brief raises two issues, both of which pertain to the sufficiency (or the lack thereof) of the evidence at trial to sustain his conviction.
We note that at the close of the State’s case-in-chief and at the close of the State’s rebuttal evidence the appellant made an oral motion for dismissal. Both motions were based on his contention that the State presented only “circumstantial evidence,” which he says was insufficient to support a conviction. (R. 88, 117). The trial judge denied both of the appellant’s motions.
A proper motion to test the sufficiency of the evidence is a motion for judgment of acquittal. Rule 12, A.R.Crim.P. (Temp.). See Garrison v. State, 521 So.2d 997, 1003 (Ala.Cr.App.1986), cert. denied (Ala.1987) (stating proper methods to preserve sufficiency question). Assuming ar-guendo that the appellant’s motion to dismiss properly preserved his challenge to the sufficiency of the evidence, we hold that he is not entitled to a reversal.
His challenge on appeal is limited to those grounds raised at the trial level. Smoot v. State, 520 So.2d 182, 187-88 (Ala.Cr.App.), cert. denied (Ala.1987). See Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App.), cert. denied (Ala.1986); Harmon v. State, 420 So.2d 299, 301 (Ala.Cr.App.), cert. denied (Ala.1982). His argument that the State’s “circumstantial evidence” was insufficient to sustain his conviction is without merit.
Roderick McGowan testified that he, the appellant and Leslie (“Lessie”) Howell went to Jeanna Ella Childs’s home on September 5, 1988. He stated that he knocked out the window on the back door with a screwdriver, handed the screwdriver to the appellant, and reached into the broken window and unlocked the door. He testified that the appellant and Lessie entered the house and that he saw the appellant holding the screwdriver in Ms. Childs’s face. They took Ms. Childs’s purse and ran from the house.
The trio then left the public housing project where Ms. Childs lived and met at the Otasco store parking lot in Sylacauga, *1013 Alabama. There, they split the money found in Ms. Childs’s purse.
Lessie’s son, Zackery McPherson, also testified. He stated that on the night of the Childs burglary, he met his mother, McGowan, and the appellant coming out of the projects. McGowan told him to follow them to Ótasco, which he did. He saw them with some money. When he asked about it, his mother told him to be quiet, and she gave him $5.00 or $10.00.
The appellant argues that McGowan was the appellant’s alleged accomplice and that McGowan’s testimony was uncorroborated. This issue was not raised at the trial level; therefore, we will not address it. Ward v. State, 376 So.2d 1112, 1115 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala.1979).
Furthermore, we hold, from our review of all of the evidence, that the appellant’s conviction is due to be upheld. The appellant’s contention that a screwdriver is not a “dangerous instrument” was not raised at trial and is thus deemed waived. Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984). See also Smoot, 520 So.2d at 187.
For the reasons stated, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.