UNITED STATES of America,
Plaintiff,

v.

Nicolette Renee FLETCHER,
Defendant.

No. 06 MJ 4314 PCT MEA.

United States District Court,
D. Arizona.

Oct. 25, 2006.

Camille Deanne Bibles, U.S. Attorney's Office, Flagstaff, AZ, for Plaintiff.

Deborah Maureen Fine, Federal Public Defender's Office, Deborah Rachel Wilson, Mikkel Steen Jordahl, Mikkel (Mik) Jordahl, PC, Flagstaff, AZ, for Defendant.

## ORDER

ASPEY, United States Magistrate Judge.

Before the Court are Defendant's Ex Parte Application seeking a Rule 17(c) subpoena duces tecum, Defendant's Motion to Seal, and Defendant's Withdrawal of Ex Parte Application for subpoena.

### Procedural History

On October 2, 2006, a criminal complaint was issued charging Defendant and two co-defendants with Assault with a Dangerous Weapon in Indian Country in violation of 18 U.S.C. §§ 113(a)(3) and 1153. Defendant received an initial appearance and was appointed counsel, i.e., Defendant is represented by the Federal Public Defender. On October 4, 2006, a preliminary hearing and detention hearing were held in Flagstaff, Arizona. At the hearing, upon Defendant's waiver of the preliminary hearing, the Court found probable cause to support the charge against Defendant and Defendant was bound over pending further proceedings before the grand jury.

The Court ordered Defendant released from custody, with certain conditions placed on her release. The matter remains on this Court's docket, however, no proceedings are scheduled before the Court in Flagstaff, nor before any other judge in the District. As of this date, the case is awaiting action by the grand jury.

Between October 13, 2006 and October 17, 2006, Defendant's counsel in Phoenix submitted to the duty Magistrate Judge in Phoenix a request for a subpoena pursuant to Rule 17(c), Federal Rules of Civil Procedure. The subpoena was directed to a third-party not a party to this litigation.

The proposed subpoena indicated the evidence to be subpoenaed would be produced to the duty Magistrate Judge's chambers in Phoenix on November 13, 2006. No motion accompanied the proposed subpoena but a form affidavit of indigency and order were attached.

As this case was and still is on this Court's docket, the request for the subpoena was forwarded to this Court by the duty Magistrate Judge. On October 19, 2006, this Court set a hearing on the request for the subpoena for October 25, 2006, and notified the parties of the hearing. Late on October 20, 2006, the Court received defendant's Ex Parte Application and Motion to Seal.

Shortly before the hearing on October 24, 2006, the Court received Defendant's request to withdraw the Ex Parte Application and Motion to Seal. On October 24, 2006, a hearing was conducted with regard to the request for the subpoena, at which hearing Defendant's counsel and government counsel were present. As of the date and time of that hearing and in fact through this date there has been no action by the Grand Jury. The Court ruled from the bench. This order follows.

### Analysis

▇▇▇ Rule 17(c), Federal Rules of Criminal Procedure, governs the issuance of subpoenas for production of documents and other items in criminal cases. The rule may only be used to obtain materials which would be admissible as evidence in a criminal proceeding. See *Bowman Dairy Co. v. United States,* 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951); *United States v. Cuthbertson,* 651 F.2d 189, 195 (3d Cir.1981); *United States v. Murray,* 297 F.2d 812, 821 (2d Cir.1962). Subpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16, Federal

Rules of Criminal Procedure. *See United States v. Brooks*, 966 F.2d 1500, 1505 (D.C.Cir.1992); *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir.1980); *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995).

■ A party seeking production of documents or other materials pursuant to Rule 17(c) must show that the materials are (1) relevant, (2) admissible as evidence, and (3) specifically identified. See, *e.g.*, *United States v. Nixon*, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Morris*, 287 F.3d 985, 991 (10th Cir.2002). It is fundamental that there must be a proceeding pending before the Court to which the subpoenaed material relate before the subpoena may issue. See *United States v. Etimani*, 328 F.3d 493, 501 (9th Cir.2003); *United States v. Keen*, 509 F.2d 1273, 1274–75 (6th Cir. 1975); *United States v. Smyth*, 104 F.Supp. 279, 282 (N.D.Cal.1952); *United States v. Flynn*, 103 F.Supp. 925, 931 (S.D.N.Y.1951).

■ As noted supra, there are no proceedings scheduled before this Court, nor any other court, as the grand jury has not acted regarding the charges against Defendant. After reviewing the proposed subpoena and accompanying motion, the Court concludes the subpoena is intended as a discovery device. Additionally, the proffered subpoena appears to have been a photocopy upon which the necessary information was typed, not an original subpoena issued by the Clerk of the Court and under seal of the Court as required by Rule 17(a), Federal Rules of Criminal Procedure.

**THEREFORE, IT IS ORDERED that** Defendant's Ex Parte Application for subpoena duces tecum pursuant to Rule 17(c) is **denied without prejudice.** Should the Defendant's prosecution proceed and hearings or a trial be set before this or another Court to which a proper Rule 17(c) subpoena request would relate, Defendant may seek to reapply Ex Parte or otherwise for a subpoena duces tecum. Whether the subpoena will issue is a matter for the discretion of the Court reviewing it and whether the requirements of *United States v. Nixon*, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) are met by defendant.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal her Ex Parte Application for subpoena duces tecum is **granted.** The Clerk of the Court shall seal Defendant's Motion to Seal, Defendant's Application for subpoena duces tecum, Defendant's proposed Rule 17(c) subpoena, and Defendant's Affidavit of indigency.

**IT IS FURTHER ORDERED that** Defendant's request to withdraw her Ex Parte Application for a subpoena duces tecum is denied.