*936 STUART, Justice.
Larry Ray Dunn petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting the State’s petition for a writ of mandamus. In that order the Court of Criminal Appeals directed the trial court to set aside its order granting Dunn’s motion to suppress, to accept the jury’s verdict, and to sentence Dunn. Dunn, in effect, asks this Court to direct the Court of Criminal Appeals to enter an order denying the State’s petition for a writ of mandamus. We grant the petition and issue the writ.

Facts

Dunn moved the trial court to suppress evidence that was seized from his residence and that provided the basis for a criminal charge against him. After conducting a suppression hearing outside the presence of the jury, the trial court stated that it was taking Dunn’s suppression motion “under advisement” and that the trial would proceed. The State did not move, pursuant to Rule 15.6(b), Ala. R.Crim. P.,[1] for a pretrial determination on the admissibility of the evidence. At the close of the State’s case, Dunn renewed his motion to suppress. The trial court stated that it would continue to take Dunn’s suppression motion under advisement. After the jury returned a verdict of guilty, the trial court and counsel for both sides discussed a schedule for briefing Dunn’s suppression issues. The parties briefed the issues, and, after considering the briefs, the trial court granted Dunn’s motion to suppress.
The State then filed a petition for a writ of mandamus with the Court of Criminal Appeals, asking that court to prohibit the trial court from granting Dunn’s motion to suppress and to direct the trial court to enter a judgment of guilt finalizing the jury’s verdict and to pronounce sentence. The Court of Criminal Appeals granted the State’s petition and ordered the trial court to set aside its suppression order, to accept the jury’s verdict, and to sentence Dunn. State v. Dunn (CR-07-0644, May 28, 2008), — So.3d - (Ala.Crim.App.2008) (table).
Dunn petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting the State’s petition and to enter an order denying the State’s petition.

Standard of Review

“Our review of a decision of the Court of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R.App. P.; Ex parte Sharp, 893 So.2d 571, 573 (Ala.2003). The standard for issuance of a writ of mandamus is well settled:
“ ‘A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by *937 a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’
“Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)(citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)).”
Ex parte McCormick, 932 So.2d 124, 127-28 (Ala.2005).

Discussion

Dunn contends that the Court of Criminal Appeals erred in issuing the writ because, he says, among other reasons, the State did not establish that the trial court had “an imperative duty ... to perform” and that it “refus[ed] to do so.”
“Mandamus is relief to be issued only in rare circumstances.” Ex parte United Equitable Life Ins. Co., 595 So.2d 1373, 1374 (Ala.1992). Here, the materials before us clearly establish that the State failed to satisfy the requirement for mandamus relief of “an imperative duty upon the [trial court] to perform, accompanied by a refusal to do so.” Because the State did not move for a pretrial determination on the admissibility of the evidence, the trial court had the discretion to take Dunn’s suppression motion under advisement, proceed with the trial, and issue a ruling after the jury returned its verdict. Thus, nothing before us indicates that at the time the trial court entered its order suppressing the evidence it had an imperative duty to perform and refused to do so. Mandamus is a drastic and extraordinary remedy that “will be denied, [when] there is another specific and sufficient remedy provided by law.” Arrington v. Van Houton, 44 Ala. 284, 286 (1870). Because the State failed to satisfy the requirements for mandamus relief, the Court of Criminal Appeals erred in issuing the writ.

Conclusion

Based on the foregoing, we grant Dunn’s petition and direct the Court of Criminal Appeals to vacate its writ and to enter an order denying the State’s petition.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL and MURDOCK,[2] JJ., concur in the result.

. Rule 15.6(b), Ala. R.Crim. P., provides:
“(b) Admissibility of Evidence. Upon motion of either party or upon its own motion, the court may order that the question of the admissibility of any specified evidence be submitted for pre-trial determination as if a motion to suppress had been timely filed by the party opposed to the introduction of the evidence.”
A request by the State for a pretrial ruling on the admissibility of evidence permits the State, if its evidence is suppressed, to appeal the trial court’s suppression order to the Court of Criminal Appeals. See Rule 15.7, Ala. R.Crim. P. See also State v. A.R.C., 873 So.2d 261, 267 (Ala.Crim.App.2003)(recogniz-ing that if the State filed a motion in limine seeking a pretrial ruling on the admissibility of the evidence and the trial court suppressed the evidence, the State could appeal the ruling, pursuant to Rule 15.7, Ala. R.Crim. P., to the Court of Criminal Appeals).