KELLUM, Judge.
 

 The appellant, Frank Reese, appeals from the circuit court’s denial of his petition for a writ of habeas corpus.
 

 
 *290
 
 On or about September 17, 2008, Reese, a convicted sex offender, was sentenced to 10 years’ imprisonment; that sentence was split to sentence Reese to time served followed by 5 years’ supervised probation. Reese, who was homeless at the time, was subsequently arrested based on his failure to comply with former § 15-20-22(a)(l), Ala.Code 1975 — a part of the Community Notification Act (“the CNA”), § 15-20-20 et seq., Ala.Code 1975 — which required an adult criminal sex offender to provide “the actual address at which he or she will reside or live upon release” to the Alabama Department of Corrections (“DOC”) at least 45 days before the offender’s release from custody.
 
 [1]
 
 Pursuant to former § 15-20-22(a)(l), Ala.Code 1975, “[a]ny” failure to comply with the requirements of that Code section constituted a Class C felony.
 

 On October 27, 2009, Reese, an inmate incarcerated at the Mobile County Metro Jail, petitioned the Mobile Circuit Court for a writ of habeas corpus, requesting that the circuit court declare unconstitutional that portion of former § 15-20-22(a)(1), Ala.Code 1975, that required him to provide an actual physical address to DOC or otherwise to be subject to incarceration, to dismiss the indictment against him, and to order his immediate release from jail. In his petition, Reese alleged that he was indigent and homeless. On that basis, Reese alleged that former § 15-20-22(a)(l) was unconstitutional because (1) the statute was vague on its face and as applied to homeless sex offenders like himself; (2) the statute constituted cruel and unusual punishment as applied because it penalized him for his status as an indigent, homeless person; (3) the statute violated due-process rights because it punished him for his failure to perform an act when it was impossible for him to comply; and (4) the statute violated his right to equal protection under the law because it caused him to be incarcerated him for his indigence when other offenders who were not indigent would not be punished under the statute.
 

 On November 25, 2009, Oliver, as warden of the Mobile Metro Jail, filed a response to Reese’s petition for a writ of habeas corpus. On May 13, 2010, the circuit court denied Reese’s petition. This appeal followed.
 

 On appeal, Reese reasserts the claims he made in his petition for a writ of habeas corpus, again challenging the constitutionality of former § 15-20-22(a)(1), Ala.Code 1975. This Court recently addressed this issue in
 
 State v. Adams,
 
 [Ms. CR-08-1728, November 5, 2010] — So.3d - (Ala.Crim.App.2010).
 

 In
 
 Adams,
 
 the defendant was incarcerated at Kilby Correctional Facility and was scheduled for release in 2008, after completing his sentence. However, before his scheduled release date, Adams was unable to provide DOC with an actual address where he would live or reside after his release. The evidence presented to the trial court indicated that Adams was indigent and that he could find no place to live following his release from incarceration. On his scheduled release date, Adams was arrested and was subsequently indicted for violating § 15-20-22(a)(l), Ala.Code 1975. Defense counsel moved to dismiss the indictment on the basis that former § 15-20-22(a)(l) was unconstitutional. Specifically, counsel argued that that portion of § 15-20-22(a)(l) requiring the defendant to provide “the actual address at which he or she will reside or live upon release” was unconstitutional because:
 

 
 *291
 
 “(1) it did not provide any notice as to how an adult criminal sex offender who is homeless could comply with the statute and, thus, was vague on its face and as applied to the defendant; (2) it constituted cruel and unusual punishment as applied to the defendant because it punished him for his status as a homeless person; (3) it violated the defendant’s rights to due process because it required the defendant to perform an act that he was incapable of performing; and (4) it violated the defendant’s right to equal protection of the law because it incarcerated him for his indigence when other offenders who were not indigent would not be punished under the statute.”
 

 Adams,
 
 — So.3d at -. Agreeing with the arguments asserted by defense counsel, the circuit court dismissed the indictment against the defendant.
 

 The State appealed, arguing that § 15-20 — 22(a)(1) was not unconstitutional. This Court disagreed and held that the registration requirement in former § 15-20-22(a)(1) was unconstitutional as applied to the defendant in
 
 Adams,
 
 who was both indigent and homeless, because it violated both equal-protection principles and constitutional prohibitions against cruel and unusual punishment.
 
 Adams,
 
 — So.3d at
 

 In the instant case, Reese was arrested after he failed to comply with the registration requirement in § 15-20-22(a)(1), Ala. Code 1975. Reese filed a habeas corpus petition in which he alleged that he was indigent and homeless and therefore unable to comply with § 15-20-22(a)(1), Ala. Code 1975. Like the defendant in
 
 Adams,
 
 Reese challenged the constitutionality of the registration requirement in former § 15-20-22(a)(1) on the ground that he was unable to comply with the statute because he was indigent and homeless. Given this Court’s holding in
 
 Adams
 
 and the allegations raised by Reese in his petition for writ of habeas corpus, the judgment of the circuit court dismissing the habeas corpus petition is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.
 

 [1]
 

 . That section was amended effective May 21, 2009. The amendment provides, among other things, that 180 days before release from incarceration the offender must declare “the actual physical address” at which he or she will reside or live upon release.