WOODALL, Justice.
On May 6, 2010, Mobile Circuit Judge Robert Smith entered an order granting George Martin[1] discovery of the entire investigation file of the Mobile Police Department. The State petitions this Court for a writ of mandamus directing the trial court to vacate that discovery order. See Rule 21(e)(1), Ala. R.App. P. The petition is denied.
The parties have been battling over discovery for several years. Martin filed a Rule 32, Ala. R.Crim. P., petition in 2006 and promptly sought discovery of the prosecution’s files, which, according to the State, are “one and the same” as the Mobile Police Department’s investigation file. Petition, at 3. Hereinafter, we will simply refer to that investigation file as “the file.” After a hearing, the trial court granted the motion and ordered discovery of the file. The State then petitioned the Court of Criminal Appeals for a writ of mandamus.
In a written opinion, the Court of Criminal Appeals granted the State mandamus relief with regard to the discovery of the file. Ex parte State, 4 So.3d 1196 (Ala. Crim.App.2008). Martin based his claim to discovery of the file on allegations “that the State had violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose [26 items of] exculpatory evidence.” 4 So.3d at 1200. After a hearing, “[t]he circuit court agreed that some of [these] claims were proeedurally barred or merit-less.” Id. Nevertheless, the trial court *96 granted the discovery motion and ordered production of the file.
The Court of Criminal Appeals concluded that the trial court had not adequately considered the good-cause standard for postconviction discovery addressed in Ex parte Land, 775 So.2d 847 (Ala.2000), or cases of the Court of Criminal Appeals holding “that a petitioner is not entitled to discovery in a Rule 32 proceeding if the discovery relates to issues that are procedurally barred.” 4 So.3d at 1198. Therefore, the Court of Criminal Appeals vacated the discovery order as to the file and directed the trial court to “comply with [these] cases when considering Martin’s discovery motion.” 4 So.3d at 1202.[2]
In September 2008, Martin filed an amended motion seeking discovery of the file. In January 2009, the trial court entered another order granting Martin access to the file. The State again petitioned the Court of Criminal Appeals for a writ of mandamus. In resolving this second petition, the Court of Criminal Appeals did not address the merits of the discovery issue. Instead, in an order issued on September 17, 2009, it held that an intervening appeal by the State of the trial court’s order granting in part Martin’s Rule 32 petition had deprived the trial court of jurisdiction to enter the discovery order, and, for that reason, it declared the order void and directed the trial court to set it aside.
Thereafter, in May 2010, the trial court issued another discovery order regarding the file. The order incorporated the January 2009 order, as well as Martin’s amended discovery motion, and found that Martin had established “good cause” and had pleaded “facially meritorious claims.” The State then filed its third mandamus petition in the Court of Criminal Appeals. On July 13, 2010, the Court of Criminal Appeals, by order, denied the State’s petition. On July 23, the State filed its petition for a writ of mandamus in this Court.
The State’s petition raises two issues. The first is whether the trial “court’s discovery order indicated] that it made an independent review of the claims in Martin’s amended motion for discovery.” Petition, at 9. The second is whether the trial “court abused its discretion in finding that Martin demonstrated good cause for discovery of the ... file.” Petition, at 20. For the reasons discussed below, we conclude that the State is not entitled to review of the trial court’s discovery order by way of a petition for a writ of mandamus.
“ ‘[P]ostconviction proceedings filed pursuant to Rule 32[, Ala. R.Crim. P.,] are civil proceedings.’ State v. Hutcherson, 847 So.2d 378, 383 (Ala.Crim.App.2001).” Ex parte Wright, 860 So.2d 1253, 1254 (Ala.2002). Although the State has only a limited right to appeal in a criminal case, see Ex parte King, 23 So.3d 77, 78-79 (Ala.2009), the State, pursuant to Rule 32.10(a), Ala. R.Crim. P., has the right to appeal to the Court of Criminal Appeals a circuit court’s decision on a Rule 32 petition.
Mandamus is an extraordinary remedy, and “[t]his Court will not issue the writ of mandamus where the petitioner has 1 “full and adequate relief’ ’ by appeal.” Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881)). Further, “this Court will not reverse a trial court’s ruling *97 on a discovery issue unless the trial court has clearly exceeded its discretion.” Ocwen, 872 So.2d at 813.[3] Consequently, in seeking review of the trial court’s discovery order by a petition for a writ of mandamus, it would appear that the State “has an affirmative burden to prove” that “trial court clearly exceeded its discretion” and that the State “does not have an adequate remedy by ordinary appeal.” Id.
The State points out that “[t]his Court has held that ‘mandamus [is] the proper avenue for appellate review of [postconviction discovery] orders.’ Ex parte Turner, 2 So.3d 806, 811 (Ala.2008).” Petition, at 11. Although this is true, the State makes no effort to explain why it does not have an adequate remedy by appeal. “The burden rests on the petitioner to demonstrate that its petition presents ... an exceptional case — that is, one in which an appeal is not an adequate remedy.” Ocwen, 872 So.2d at 814 (emphasis added). Thus, if the two-part Ocwen standard applies in a case involving postconviction discovery, the State’s petition must be denied. We hold that that standard does apply in such a case; therefore, we deny the State’s petition.
In prior cases, this Court has not applied the Ocwen standard in addressing mandamus petitions seeking review of discovery orders in Rule 32 proceedings. Land predated Ocwen and has been relied upon in some post-Ocwen cases for the proposition that mandamus is the proper avenue for appellate review of discovery orders in postconviction proceedings. See, e.g., Turner, 2 So.3d at 810-11, and Perkins, 941 So.2d at 245. However, in our post-Ocwen cases, we have never addressed the applicability of Ocwen’s two-prong standard in cases such as this. Our oversight in failing to apply that standard is no excuse for a continued failure to adhere to the principles carefully crafted in Ocwen, in which “ ‘this Court announced that it would no longer review discovery orders pursuant to extraordinary writs,’ ” Ex parte St. Vincent’s Hosp., 991 So.2d 200, 207 (Ala.2008) (quoting Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1136-37 (Ala.2003)), except in those exceptional cases in which the petitioner can demonstrate that an appeal will not provide an adequate remedy. We see no reason these principles should not apply to mandamus review of postconviction discovery orders. As already mentioned, trial courts are vested with discretion regarding postconviction discovery requests, and each party has the right to appeal from the trial court’s decision on a Rule 32 petition. To the extent that Land, Turner, Perkins, and any other cases are inconsistent with this opinion, those cases are hereby overruled.
For these reasons, the State’s petition for a writ of mandamus is denied.
PETITION DENIED.
COBB, C.J., and LYONS, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Martin, a former State Trooper, was convicted of the 1995 murder of his wife, made capital because it was done for pecuniary gain. See § 13A-5-40(a)(7), Ala. Code 1975. The trial court, overriding the jury’s recommendation, sentenced Martin to death. Martin’s conviction and sentence were ultimately affirmed on direct appeal. See Martin v. State, 931 So.2d 774 (Ala.Crim.App.2005).

. Also, the Court of Criminal Appeals stated that "[t]he circuit court may direct Martin to file a new discovery motion given that Martin has filed an amended Rule 32 petition.” 4 So.3d at 1202.

. "Circuit courts are vested with discretion in deciding whether to grant postconviction discovery requests.” Ex parte Perkins, 941 So.2d 242, 245 (Ala.2006).